IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NICOLE GILBERT, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. CIV-22-847-D ) |
| DOLGENCORP, a foreign limited liability company, | ) ) ) |
|     Defendant. | ) ) |

## **ORDER**

Before the Court is Defendant's Motion to Quash Plaintiff's Second Amended Notice of Video-Recorded Deposition of Defendant's Designated Corporate Witness and Objections to Specific Areas of Inquiry [Doc. No. 19].

On June 27, 2023, Plaintiff issued a notice to depose Defendant's corporate representative pursuant to FED. R. CIV. P. 30(b)(6). On October 5, 2023, nineteen days before Defendant's corporate representative's deposition, Defendant raised objections to the proposed matters of examination. The parties met and conferred, and Plaintiff issued an amended notice that limited or withdrew certain topics. However, as several disputes remained, Defendant filed an objection to the remaining proposed matters of examination [Doc. No. 16] for the Court's consideration.

On November 6, 2023, the Court issued an Order [Doc. No. 18], ruling on the parties' remaining disputes. Thereafter, Plaintiff issued a second amended notice of deposition, limiting certain areas of inquiry per the Court's Order and adding fourteen matters of examination [Doc. No. 19-2].

On November 15, 2023, Defendant moved to quash Plaintiff's second amended notice and objected to many of the fourteen additional deposition topics. However, it is clear from Defendant's motion that the parties did not meet and confer in good faith, as required by LCvR37.1, prior to Defendant's filing. *See* LCvR37.1 ("With respect to all motions or objections relating to discovery pursuant to FED. R. CIV. P. 26 through 37 and 45, this Court shall refuse to hear any such motion or objection unless counsel for movant first advises the Court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord."). For this reason, Defendant's motion to quash [Doc. No. 19] is **STRICKEN**.

If the parties meet and confer in good faith, it is the Court's opinion that they should be able to resolve the issues outlined in Defendant's motion. Using the Court's prior Order [Doc. No. 18] as a guide, the parties should be able to agree on similar limitations for Plaintiff's additional topics. Further, the Court fully expects the parties to work together to schedule the subject deposition without Court intervention.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Quash Plaintiff's Second Amended Notice of Video-Recorded Deposition of Defendant's Designated Corporate Witness and Objections to Specific Areas of Inquiry [Doc. No. 19] is **STRICKEN**, without prejudice to refiling, if necessary. Any future filing shall include the good faith certification referenced in LCvR37.1.

**IT IS SO ORDERED** this 16th day of November, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge