IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NICOLE GILBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-847-D |
| | ) |
| DOLGENCORP, a foreign limited liability company, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTIONS IN LIMINE**

Plaintiff Nicole Gilbert moves the Court to order, before voir dire, that (1) Defendant's attorneys, and through them, any and all witnesses called for Defendant, refrain from commenting on , mentioning, communicating, publishing, or attempting to introduce evidence of, directly or indirectly, the matters in this Motion; and (2) Defendant's attorneys instruct their witnesses not to volunteer, inject, disclose, state, or mention the matters in this Motion in the presence of the jury, unless and until specifically questioned thereon. Plaintiff asks the Court to order that, if Defendant's attorneys intent to offer evidence of the matters in this Motion, they must first obtain a favorable ruling from the Court outside the presence and hearing of all prospective jurors and the jurors ultimately selected in this civil action.

In support of this Motion Plaintiff shows as follows:

A.

1

The matters in this motion are inadmissible for any purpose on proper and timely objection because they are not relevant to the issues in this case or the rights of the parties. The matters in this Motion will not have any tendency to make the existence of any material fact more probable or less probable than it would be without the evidence. *See* FED. R. EVID. 401 and 402. Permitting interrogation of the witnesses, comments to the jurors, or offers of evidence on the matters in this Motion is substantially outweighed by the harm to Plaintiff. Instead, it would draw the jury's attention to the prejudicial impact. *See* FED. R. EVID. 101 & 103(C). If Defendant injects the matters in this Motion into this trial through a party, and attorney or a witness, Defendant will cause irreparable harm to Plaintiff, which no jury instruction would cure. If any of the matters in this Motino are brought to the attention of the jury, directly or indirectly, Plaintiff would be forced to move for a mistrial. To avoid prejudice and a possible mistrial, Plaintiff asks the Court to grant her Motion in Limine.

B.

The following matters are the subject of this Motion in Limine:

1) Expert-witness opinions that have not been disclosed to Plaintiff or are otherwise out the scope of the expert's written opinion produced during pretrial discovery. *See* FED. R. CIV. P. 37; *Alldread v. City of Grenada*, 988 F.2d 1425, 1435-36 (5th Cir. 1993); *Thudium v. Allied Products Corp.* 36 F.3d 797, 769-70 (8th Cir. 1994)

   _____   _____   _____   _____
   Agreed         Granted         Modified        Denied

2) References or questioning that suggest or implies that Plaintiff or his expert witnesses, relatives, agents, employees, attorneys, or representatives have been accused of, or have been found guilty of, any crimes or criminal conduct. *See* FED. R. EVID. 402, 403, 404, 608, and 609. U.S. v. Carter, 528 F.2d 844, 846-47 (8th Cir. 1975) (*See* Deposition of Tromayne Jackson, Sr. at 18-72) (*See* Deposition of Nicole Gilbert at 164-168).

_____    _____    _____    _____
Agreed            Granted            Modified            Denied

3) The Defendant may not make reference to, mention, elicit, testimony, or present evidence of any personal habits, character traits, and any crimes, arrests, convictions, wrongs or acts of Plaintiff, any witness called by Plaintiff, or Plaintiff's family members or partner, including, but not limited to, smoking, fighting, drinking alcoholic beverages, womanizing, prior marriages, abortions, illegitimate children, children from multiple relationships, the living situation among Plaintiff and her partner, reference to Plaintiff's receipt of social security, reference to Plaintiff's income from child support, reference to how costly raising children is, reference to Plaintiff's admission to a mental hospital as an underaged minor, reference to an altercation resulting in Plaintiff having a broken nose, traffic violations, illegal drug use, drug and/or alcohol rehabilitation programs, criminal acts, criminal charges, criminal convictions, and swearing. (*See* Deposition of Nicole Gilbert at 14:1-25, 15:1-25, 16:1-25, 17:1-25, 18:13-17, 19:5-22, 22:10, 23-25, 26:3-25, 27:1-25, 29:12-25, 30:1-25,

3

54:18-25, 55:1-7, 167:1-25, 168:1-20) (See Deposition of Tromayne Jackson, Sr. 18-72). There is no evidence or allegation that those habits, character traits, crimes, wrongs, or acts, if any, contributed in any way to the occurrence made the basis of this suit or are relevant to the determination of any issue in this suit. Furthermore, the probative value of those matters is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. This type of evidence would only be offered for the impermissible purpose of portraying Plaintiff, her witnesses, or Plaintiff's family members as bad persons. See FED. R. EVID. 404, 608(b), and 609(a).

_____   _____   _____   _____
Agreed         Granted        Modified       Denied

4) References to or questioning about what effect the verdict or judgment in this lawsuit will or could have on insurance rates, premiums or charges. See FED. R. EVID. 402 and 403.

_____   _____   _____   _____
Agreed         Granted        Modified       Denied

5) References or arguments implying or suggesting to the jury that Defendants' conduct must be the sole proximate cause of Plaintiff's damages or injuries in order for Defendants to be liable or for Plaintiff to recover damages. This argument would be a misstatement of the law and only calculated to falsely and incorrectly mislead the jury.

_____   _____   _____   _____
Agreed         Granted        Modified       Denied

6) That Defendants be prohibited from claiming or stating that the nation's court systems are overloaded due to cases such as this or similar cases or references or statements like "there are too many lawsuits" or "too much litigation." References of this nature are irrelevant and prejudicial. These matters are generally inadmissible, irrelevant and prejudicial to Plaintiff's right to a fair and impartial trial. If relevant and/or admissible, the probation value of any such matter would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury. FED. R. EVID. 401, 402, and 403.

_____   _____   _____   _____
Agreed         Granted        Modified       Denied

7) That Defendants be prohibited from making any reference to the jury that anyone can "pay some money and make up a lawsuit against another without any legal basis" trying to imply that this lawsuit is "frivolous" or "without merit." Proper remedies and procedures of summary judgments, counter claims, dismissal for failing to state a claim upon which relief can be granted, etc. were all available to the Defendants. FED. R. EVID. 402 and 403.

_____   _____   _____   _____
Agreed         Granted        Modified       Denied

8) Any suggestion that Plaintiff could have participated in additional medical care or physical therapy by getting his lawyers or a third party case to pay for it.

_____    _____    _____    _____
Agreed           Granted          Modified         Denied

9) Any evidence, reference to, or insinuation that Plaintiff has retained a jury consultant or that a jury consultant is present.

_____    _____    _____    _____
Agreed           Granted          Modified         Denied

10) That Defendants be prohibited from offering any testimony, evidence or making reference to any financial assistance and/or loans Plaintiffs have received and/or allegedly received from third parties. Such testimony, evidence or references of this nature is irrelevant as they do not relate to any claim and/or defense in this matter. FED. R. EVID. 401. Finally, such testimony, evidence or references are unfairly prejudicial to Plaintiffs' right to a fair and impartial trial, would confuse the issues, and/or mislead the jury. FED. R. EVID. 401, 402 and 403.

_____    _____    _____    _____
Agreed           Granted          Modified         Denied

11) That Defendants be prohibited from offering any testimony, evidence or making reference that counsel for Plaintiff's law firm advertises, the amount of advertisement or addressing the statements made in the advertisements. Such testimony, evidence or references of this nature are irrelevant as they do not relate to any claim and/or defense in this matter. FED. R. EVID. 401. Finally, such

testimony, evidence or references are unfairly prejudicial to Plaintiff's right to a fair and impartial trial, would confuse the issues, and/or mislead the jury. FED. R. EVID. 401, 402 and 403.

_____   _____   _____   _____
Agreed         Granted        Modified       Denied

12) That Defendants be prohibited from offering any testimony, evidence or making reference to the number of attorneys who have entered appearances on behalf of Plaintiff. Such testimony, evidence or reference is irrelevant and does not relate to any claim and/or defense in this matter. FED. R. EVID. 401. Finally, such testimony, evidence or references are unfairly prejudicial to Plaintiff's right to a fair and impartial trial, would confuse the issues, and/or mislead the jury. FED. R. EVID. 401, 402 and 403.

_____   _____   _____   _____
Agreed         Granted        Modified       Denied

13) That Defendants be prohibited from offering any testimony, evidence or making reference that that Plaintiff's legal counsel, including but not limited to any member or employee of Parrish Devaughn have coordinated Plaintiff's medical treatment. Communications between Plaintiff and her legal counsel are privileged from discovery and disclosure. FED. R. EVID. 502. Additionally, testimony, evidence or references of this nature is irrelevant, are unfairly prejudicial to Plaintiff's right to a fair and impartial trial, would confuse the issues, and/or mislead the jury. FED. R. EVID. 401, 402 and 403.

_____   _____   _____   _____
Agreed         Granted        Modified       Denied

14) That Defendants, and their witnesses, be prohibited from referring to or offering any opinions or citing to any evidence that were not timely disclosed to the Plaintiff within the discovery period in this matter. Such testimony and evidence would be a violation of discovery, this Court's Order and would constitute trial by ambush. Additionally, testimony, evidence or references of this nature are unfairly prejudicial to Plaintiff's right to a fair and impartial trial. FED. R. EVID. 401, 402 and 403.

_____   _____   _____   _____
Agreed         Granted        Modified       Denied

15) That Defendants be prohibited from offering any testimony, evidence or making reference to unreasonableness of the cost(s) of Plaintiff's medical treatment incurred to date. There is no competent evidence or expert opinions sufficient to challenge such information. See FED. R. CIV. P. 37; 26. Additionally, such testimony or evidence would constitute ambush and be unfairly prejudicial. FED. R. EVID.401, 402 and 403.

_____   _____   _____   _____
Agreed         Granted        Modified       Denied

16) That Defendants and their witnesses be prohibited from offering any testimony, evidence or making reference to the state of the national economy, transportation industry and/or COVID-19's effect on the economy. Any reference to such

during trial has no relevance to the cases of action and/or defenses in this case. FED. R. EVID. 401. Additionally, any reference, testimony or discussion of such will be unfairly prejudicial, misleading to the jury and confuse the issues. FED. R. EVID. 401, 402, and 403.

_____    _____    _____    _____
Agreed            Granted           Modified          Denied

17) That Defendant and their witnesses be prohibited from offering any testimony, evidence or making reference to whether Plaintiff was using food stamps to make purchases from Dollar General on the day of the incident. Any reference to such during trial has no relevance to the cases of action and/or defenses in this case. FED. R. EVID. 401. Additionally, any reference, testimony or discussion of such will be unfairly prejudicial, misleading to the jury and confuse the issues. FED. R. EVID. 401, 402, and 403 (*See* Deposition of Justin Fluckiger at 24:1-9).

_____    _____    _____    _____
Agreed            Granted           Modified          Denied

18) That Defendant and their witnesses be prohibited from offering any testimony, evidence or making reference to Justin Fluckiger having a "learning disability." Dollar General hired, then promoted Justin Fluckiger. At the time of the incident, Justin Fluckiger was the designated manager on duty at Dollar General. Any reference to an alleged learning disability is an attempt to illicit sympathy and further has no relevance to the causes of action and/or defenses in this case. FED. R. EVID. 401. Additionally, any reference, testimony or discussion of such will

be unfairly prejudicial, misleading to the jury and confuse the issues. FED. R. EVID. 401, 402, and 403. (See Deposition of Justin Fluckiger at 37:21 – 39:10).

_____      _____      _____      _____
Agreed             Granted             Modified             Denied

Respectfully submitted,

s/Kayla Petsch
Michael D. McClintock, OBA# 18105
Kayla Petsch, OBA #33039
Alyson Rogers, OBA #34804
PARRISH DEVAUGHN, PLLC
3601 N Classen
Oklahoma City, OK 73118
405-444-4444
Michael@parrishdevaughn.com
Kayla@parrishdevaughn.com
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I certify that on the 25th day of March, 2024, I electronically transmitted the above document to the Clerk of the Court using ECF System for filing and transmitted a Notice of Electronic filing to the following ECF registrants:

Gary Farabough

s/Kayla Petsch
Kayla Petsch , OBA# 33039

10