IN THE UNITED STATES DISTRICT COURT OF
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **NICOLE GILBERT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.      22-CV-00847-D |
| | ) | |
| **DOLGENCORP LLC, a foreign limited** | ) | |
| **liability corporation,** | ) | |
| | ) | |
| Defendant. | ) | |

## <u>AMENDED MOTION IN LIMINE BY DOLGENCORP, LLC</u><br><u>and SUPPORTING BRIEF</u>

Defendant **DOLGENCORP, LLC d/b/a DOLLAR GENERAL** presents this Motion In Limine prior to any proceedings have been held in front of a jury, before Voir Dire examination of potential jurors, and before the introduction of any evidence in this case.  In this Motion, Dolgencorp, LLC requests that this honorable Court instruct plaintiff's counsel to not mention these matters within the hearing of the jury or jury panel, either in Voir Dire examination, in reading of the pleadings, in statement of the case, in interrogation of witnesses, in argument, or in any objection.  Dolgencorp, LLC further requests that this Court instruct plaintiff's counsel to not communicate by any manner any of the matters set out below, whether directly, indirectly, or by innuendo, by interrogation of witnesses, or otherwise apprise the jury of any of the following matters.  Dolgencorp, LLC also requests that this Court instruct counsel to apprise each of their witnesses of the contents and prohibitions sought in this Motion and that the witnesses must not inadvertently violate any of the prohibitions sought in this Motion.

1

The matters set out below contain information that is irrelevant, immaterial, and of no probative value, and if made known to the jury or jury panel, would be highly and unfairly prejudicial to the defendant, even if this Court sustains an objection and instructs the jury to not consider the evidence, testimony, or information for any purpose.

## MATTERS TO BE EXCLUDED
## and
## BRIEF IN SUPPORT OF INITIAL MOTION IN LIMINE BY DOLGENCORP, LLC

### 1.    Untimely Identified Experts

Dolgencorp respectfully requests that this Court instruct the attorney(s) for the plaintiff, each of their witnesses, and their representatives to refrain from calling any expert at trial other than the experts expressly and timely identified in response to Dolgencorp's discovery requests, in plaintiff's Final Witness List, and in accord with 12 O.S. §3226.  Further, those designated and allowable experts should be permitted to testify only with regard to records produced by the plaintiff in discovery and to those opinions identified in response to defendant's discovery request.  Rules 26 and 37 of the Federal Rules of Civil Procedure, Smith v. Ford Motor Co., 626 F2d 784 (10th Cir. 1980), and Alldread v. City of Grenada, 988 F.2d 1425 at 1435 – 1436 (5th Cir., 1993).

### 2.    Primary Practice of Defense Counsel

Dolgencorp requests that this Court instruct the attorney(s) for the plaintiff, each of their witnesses, and their representatives to refrain from mentioning or divulging, directly or indirectly, or testifying concerning the fact that the primary practice of Dolgencorp's attorneys is the business of insurance defense.  This bears no relation to the facts of this lawsuit.  The fact that Dolgencorp's attorney(s) are panel counsel for insurance companies has no material or

probative bearing whatsoever on any of the issues in dispute in this action.  The introduction of such irrelevant information injects purely peripheral and highly prejudicial as well as irrelevant matters into this case.  Federal Rules of Evidence 401, 402, and 403.

### 3.    Liability Insurance

Dolgencorp requests that this Court instruct the attorney(s) for the plaintiff, each of their witnesses, and their representatives to refrain from mentioning, directly or indirectly, the fact that any of the defendants is or may be covered by some form of liability insurance with respect to the incident involved in this case.  Evidence of liability insurance is not relevant or material to the issues of negligence or other wrongful action.  No valid purpose exists in this matter for offering such evidence.  Such evidence does not make any relevant fact or issue any more or less likely but would only serve to prejudice and inflame a jury.  Federal Rules of Evidence 401, 402, and 403.

### 4.    Lay Testimony On Medical Causation

Dolgencorp requests that this Court instruct the attorney(s) for the plaintiff, each of their witnesses, and their representatives (other than qualified subject-matter experts) to refrain from testifying about or expressing the following: any opinion about the medical causation of any of the damages or injuries of the plaintiff attributable to the alleged negligence of Dolgencorp, including origin, etiology, or medical reasons for changes in the plaintiff's medical condition or status.  Exert testimony is admissible under Federal Rule of Evidence 702 "If scientific, technical, or other specialized knowledge will assist the trier of fact "  Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999).  By definition, lay witnesses lack the medical training and/or

expertise required by Federal Rule of Evidence 702 to render subject-matter expert opinions. See also Federal Rules of Evidence 701 and <u>McKellips v. St. Francis Hospital</u>, 741 P.2d 467 (Okl.).

### 5.    Punitive Damages

Dolgencorp requests that this Court instruct the attorney(s) for the plaintiff, each of their witnesses, and their representatives to refrain from testifying about or making any prayer for punitive damages against Dolgencorp, LLC. Punitive damages are allowable when the defendant has been guilty of reckless disregard for the rights of others. 23 O.S. §9.1(B)(1). Oklahoma Uniform Jury Instruction 5.6 defines "reckless disregard" as conduct "in reckless disregard of another's rights if the defendant was either aware, or did not care, that there was a substantial and unnecessary risk that his conduct would cause serious injury to others. In order for the conduct to be in reckless disregard of another's rights, it must be unreasonable under the circumstances, and also there must have been a high probability that the conduct would cause serious harm to another person."

Further guidance on this standard is found in <u>Gowens vs. Barstow</u>, 2015 OK 85, 364 P.3d 644. In that case, the Oklahoma Supreme Court reviewed Oklahoma Uniform Jury Instruction 5.6 (OUJI 5.6 hereafter). The Supreme Court stated that a jury can award punitive damages if the defendant acted in reckless disregard or intentionally and with malice. In <u>Gowens</u>, the Oklahoma Supreme Court reviewed 23 O.S. §9.1. In §9.1, there are three categories of conduct that can give rise to an award of punitive damages. Category I requires a showing that the defendant acted in reckless disregard of the rights of others. Categories II and III require a

showing that the defendant acted intentionally and with malice toward others.  See also <u>Robinson</u> <u>vs. Sunshine Homes</u>, 2012 OK CIV APP 87, 291 P.3d 628.

In this case, none of those elements are present.  As noted above, there has been no showing that any employee of Dollar General was either aware, or did not care, that there was a substantial and unnecessary risk that could cause serious injury to others.  Neither of the employees of Dolgencorp, LLC who were working at the time Ms. Gilbert alleges she fell knew about the presence clear liquid that Gilbert testified caused her to fall or the green slime that later became the causative agent.  Gilbert herself testified that she did not know what caused the clear liquid to be on the floor, whether any employee of Dolgencorp, LLC knew of its presence, or how long it had been on the floor.  Gilbert has made no showing that any employee of Dolgencorp, LLC acted with reckless disregard or intentionally and with malice.  The plaintiff in this case has failed to provide evidence to support such a finding or such an award.  Any mention of or request regarding punitive damages has no evidentiary support but would be intended to unfairly inflame emotions, denying the defendant its right to a fair trial.  Federal Rules of Evidence 401, 402, and 403.

### 6.    <u>Witnesses Not Called To Trial</u>

Dolgencorp requests that this Court instruct the attorney(s) for the plaintiff, each of their witnesses, and their representatives to refrain from suggesting that persons who are not called as witnesses would have testified in any particular way or have particular knowledge.  Further, all counsel and all witnesses should be precluded from offering any comment, question, testimony, or other evidence or communication which would constitute hearsay or opinions expressed without medical foundation.  It is not possible to cross-examine a person who is not present and

directly violates the rights of cross-examination and due process.  Federal Rules of Evidence 801 and 802 and Rule 26 of the Federal Rules of Civil Procedure.

### 7.    Documents Not Disclosed As Required by Rule 26 of the Federal Rules for Civil Procedure

Dolgencorp requests that this Court instruct the attorney(s) for the plaintiff, each of their witnesses, and their representatives to refrain from referring to any fact or purported fact document or other information which was not disclosed as required by to Dolgencorp in response to its Interrogatories and/or Requests For Production or otherwise in discovery.  Any probative value of such testimony or evidence is substantially outweighed by the danger of unfair and harmful surprise and is therefore highly and unfairly prejudicial and should be excluded.  Rule 26 of the Federal Rules of Civil Procedure.

### 8.    Economic Or Financial Position of the Plaintiff or Any Defendant

Dolgencorp requests that this Court instruct the attorney(s) for the plaintiff, each of their witnesses, and their representatives to refrain from testifying to or introducing evidence of the economic position of the plaintiff or of any the defendant in this case.  It has long been recognized as an elementary rule governing admissibility of evidence and testimony that the evidence and testimony must be relevant to the facts and issues being tried so as to prove or disprove facts.  Federal Rule of Evidence 401.  Collateral or other facts which do not afford a reasonable presumption or inference as to the principal facts are irrelevant and inadmissible; and to admit irrelevant or inadmissible evidence or testimony is error.  Federal Rules of Evidence 402 and 403.  The respective wealth of either party or lack thereof does not make any relevant fact for jury decision more or less likely to have occurred.  Introduction of such evidence would

be highly and unfairly prejudicial to a jury and should be excluded.  Federal Rules of Evidence 401, 402, and 403.

### 9.    Evidence Improperly Characterized as Rebuttal

Dolgencorp requests that this Court instruct the attorney(s) for the plaintiff, each of their witnesses, and their representatives to refrain from withholding or attempting to withhold evidence which should be presented in plaintiff's case-in-chief so as to present it during rebuttal when it might have an oversized impact on the jury.  It is not a proper function of rebuttal evidence to merely bolster the plaintiff's case-in-chief.  Estate of Brutsche v. City of Fed. Way, 300 F. App'x 552, 553 (9th Cir. 2008).  Rebuttal evidence is "evidence which attempts to 'disprove or contradict' the evidence to which it contrasted." Tanberg v. Sholtis, 401 F.3d 1151, 1166 (10th Cir. 2005).  See also Federal Rule of Civil Procedure 26.

Further, if counsel for the plaintiff is allowed to present material in rebuttal which was withheld from Dolgencorp, it would certainly constitute harmful and unfair surprise.  As such, Dolgencorp requests that this Court exclude introduction of any exhibit, calling any witness, or eliciting testimony from any witness not listed in the Pretrial Order or which should have been presented in the case-in-chief of the plaintiff.  Rules 401, 402, and 403 of the Federal Rules of Evidence.

### 10.    Testimony of Plaintiff's Injuries Not Supported by Competent Medical Evidence

Dolgencorp requests that this Court instruct the attorney(s) for the plaintiff, each of their witnesses, and their representatives to refrain from attempting to introduce evidence of complaints and symptoms allegedly related to the incident described in the plaintiff's Petition

7

and/or Amended Petition under Federal Rule of Evidence 702. Dolgencorp respectfully requests that this Court exclude any testimony regarding plaintiff's "injuries" which is unsupported by competent medical evidence. The injuries alleged by the plaintiff in this case are such as to require expert medical testimony to determine their cause, nature, and extent, and admission of lay evidence or testimony in this regard would not be relevant or material but would be highly and unfairly prejudicial. Federal Rules of Evidence 702, 401, 402, and 403.


### 11.    <u>Reference To Effect Defense Verdict May Have on Plaintiff</u>

Dolgencorp requests that this Court instruct the attorney(s) for the plaintiff, each of their witnesses, and their representatives to refrain from questioning, presenting or calling any witnesses to testify or evidence as to the effect a verdict in favor of the defendant might have on the plaintiff. Such testimony or evidence has no relevance to any material fact issue in this case but would only serve to prejudice the defendant's right to a fair trial by inflaming or wrongly influencing the trier-of-fact. Federal Rules of Evidence 401, 402, and 403.


### 12.    <u>Golden Rule Damage Arguments</u>

Dolgencorp requests that this Court instruct the attorney(s) for the plaintiff, each of their witnesses, and their representatives to refrain from referring to or making reference to any "golden rule" damage argument or any other argument which attempts to ask the jurors to place themselves in the position of the plaintiff. Most courts which have had the opportunity to render an opinion on such arguments have held that those arguments are improper and reversible error. "Golden rule" arguments are by their very nature not based on evidence to be considered by the jury. Such arguments by opposing counsel constitute nothing more than an attempt to influence

the jury to disregard its obligations under the laws, are irrelevant, and are highly and unfairly prejudicial. Federal Rules of Evidence 401, 402, and 403.

### 13.    Any Mention of Alleged OSHA Violations or "Safe Maintenance"

Dolgencorp requests that this Court instruct the attorney(s) for the plaintiff, each of their witnesses, and their representatives to refrain from testifying or other mentioning any reference to OSHA, alleged OSHA violations (except for slip/trip/and/or/fall hazards), or allegation that Dolgencorp has been added to the OSHA Severe Violator Enforcement Program. This Court has already addressed this issue in its Order in this case dated November 6, 2023, this Court limited inquiry of Dollar General's corporate representative to only those OSHA violations related to slip, trip, and/or fall hazards within Dollar General stores. No issue or fact alleged in this case calls for or makes such information relevant in this matter. Such information does nothing to prove (or disprove) what caused the Plaintiff's alleged accident. Such information sought in each is utterly devoid of any relationship to any element of Plaintiff's cause of action or any defense by Dollar General in this case. Federal Rules of Evidence 401, 402, and 403. No evidence in this regard has been submitted by the plaintiff in the Exhibit list or discovery responses. Rule 26 of the Federal Rules of Civil Procedure.

### 14.    Any Mention of Damages in Excess of Those Allowed Under 12 O.S. §3009.1

Dolgencorp requests that this Court instruct the attorney(s) for the plaintiff, each of their witnesses, and their representatives to refrain from testifying to or introducing evidence of medical expenses in excess of those allowed under 12 O.S. §3009.1. In that statute, the Oklahoma legislature has clearly expressed how medical expenses are to be introduced to a jury.

"Title 12, O.S. 2011 §3009.1 serves to limit certain types of evidence admissible by parties in the trial of any civil case involving personal injury. Functionally, 12, O.S. 2011 §3009.1 limits admissibility of evidence concerning medical costs in personal injury litigation to what has actually been paid or is owed for a party's medical treatment, rather than the amount billed for that treatment. Lee v. Bueno, 2016 OK 97 at ¶9, 381 P.3d 736.

The §3009.1 limitation would apply in this case. Under the well-known decision by the United States Supreme Court in Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct 817, 82 L.Ed 1188 and its progeny, a federal court sitting in diversity jurisdiction applies substantive law of the state in which the federal court is sitting. See Rachel v. Westlake Nursing, No 16-6011 (10th Circ. 2017), case from the Federal Western District of Oklahoma. The purpose of this doctrine is to discourage forum shopping by making the outcomes in Federal District Court exercising diversity jurisdiction and sitting in a particular jurisdiction as similar as possible to the outcomes in the state courts of that jurisdiction. Non-application of that doctrine would frustrate that purpose and would be highly and unfairly prejudicial. Federal Rules of Evidence 401, 402, and 403.

### 15.    Status of and/or Effect of Economy

Dolgencorp requests that this Court instruct the attorney(s) for the plaintiff, each of their witnesses, and their representatives to refrain from testifying about any statement or propounding any question related to comments or statements made by the plaintiff by any healthcare provider. Such statements would be hearsay and do not fall within an exception to the hearsay rule (12 O.S. §2803(4)) or any other exception to the hearsay rule.

### 16.   Trial Testimony Inconsistent with Claimant's Deposition Testimony

Dolgencorp requests that this Court instruct the attorney(s) for the plaintiff, each of their witnesses, and their representatives to refrain from testifying inconsistent with the plaintiff's deposition testimony regarding what caused her to allegedly slip and fall.  In her deposition, Ms. Gilbert repeatedly testified that she slipped in a clear liquid on the floor, causing her to fall and resulting in the injuries for which she seeks recovery in this case.  However, in her Response to Dollar General's Motion For Summary Judgment, plaintiff's counsel claimed that ". . . Ms. Gilbert suffered substantial injuries to her left knee and left ankle, requiring surgery and over $63,000.00 in incurred medical expenses **as a result of a fall caused by 'green slime'** . . ." [Emphasis added].  It is not clear at this time which theory of recovery the plaintiff will advance. It places an unfair burden on the defendant to have to defend against a varying causative mechanism of injury.  The plaintiff testified to what she thought caused her to fall, and allowing arguments of counsel to change that mechanism is unfair and likely to cause confusion on the part of the jury.  Federal Rules of Evidence 401, 402, and 403.

### 17.   References to Employee Training

Dolgencorp requests that this Court instruct the attorney(s) for the plaintiff, each of their witnesses, and their representatives to refrain from testifying about any statement or propounding any question related to the training or lack of training of employees of Dolgencorp, LLC regarding inspection of the premises or investigation of slip-and-fall accidents.  The plaintiff has not alleged that any facet of the investigation of the plaintiff's alleged accident caused or contributed to the accident she alleges.  Logically, post-accident investigation training cannot lead to, cause, or contribute to an earlier accident (assuming solely for the sake of this argument

11

that one did occur.  Any reference to such post-accident investigation training would only serve to unfairly inflame and prejudice the jury without making any element of the plaintiff's cause of action any more or less likely.

Similarly, the plaintiff testified that she did not know what caused the clear liquid to be on the floor, whether any employee of Dolgencorp, LLC knew of its presence, or how long it had been on the floor.  There has been no expert or other evidence that the employee training of inspecting the premises was inadequate or how different training would have altered the outcome alleged by the plaintiff.  Any mention in this regard would serve only to inflame the jury unfairly without making any of the allegations of the plaintiff any more or less likely to have occurred. Federal Rules of Evidence 401, 402, and 403.

Respectfully submitted,

_____
Gary W. Farabough, OBA # 2816
Warren E. Mouledoux, III, OBA # 22380
PASLEY FARABOUGH & MOULEDOUX
P.O. Box 1687
Ardmore, OK 73402-1687
(580) 223-6766
(580) 223-1776 fax
gfarabough@gmail.com
*Attorneys for Dolgencorp, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of April, 2024, I mailed, with proper postage attached, a true and correct copy of this Amended Motion in Limine to:

Kayla Petsch
Michael McClintock
Alyson Rogers
Greg Keogh

_____
Gary W. Farabough