# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

NICOLE GILBERT,            )
                           )
   Plaintiff,              )
                           )
v.                         )   Case No. CIV-22-847-D
                           )
DOLGENCORP, a foreign      )
limited liability company, )
                           )
   Defendant.              )

## ORDER

Before the Court is Defendant Dolgencorp's Motion for Summary Judgment [Doc. No. 32], Plaintiff filed a response [Doc. No. 36], and Defendant filed a reply [Doc. No. 43]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiff was involved in a slip-and-fall incident at one of Defendant's Oklahoma City stores on March 20, 2022. Plaintiff alleges she was injured after slipping and falling on a liquid on the floor of the store. Photographic evidence from the parties also shows the presence of green slime on the floor. Plaintiff filed suit against Defendant for negligence.

Defendant seeks summary judgment in its favor with respect to Plaintiff's negligence cause of action. Specifically, Defendant argues undisputed facts and inferences reasonably drawn from those facts show that it has no liability to Plaintiff in this matter [Doc. No. 32, at 1]. Defendant also asserts that Plaintiff has not alleged or produced facts sufficient to maintain a negligence cause of action. *Id.*

1

Plaintiff responds that Defendant omits material facts and presents two incorrect arguments – first, that there is no evidence from which a jury could conclude that Defendant knew or should have known of the green slime being on the floor [Doc. No. 36, at 3-4], and second, that the green slime was an open and obvious danger Plaintiff should have noticed and avoided (*Id.* at 4-5).

## UNDISPUTED MATERIAL FACTS

In the Motion, Defendant lists 27 material facts, to which Plaintiff responds [Doc. No. 32, at 2-5]. Regarding facts 1, 4-5, and 7-8, Plaintiff admits the facts but states they are not material. [Doc. No. 36, at 6-7]. Regarding facts 8, 11, 14-19, 22, and 26, Plaintiff admits these facts. *Id.* at 9-11. And Plaintiff admits in part and denies in part facts 2-3, 6, 9-10, 12-13, and 27. *Id.* at 6-7, 9, and 11-12. Finally, Plaintiff denies facts 20-21, and 23-25. *Id.* at 9-11. Plaintiff then lists additional disputed material facts 28-32, to which Defendant has not responded. *Id.* at 12-18. Thus, the undisputed material facts agreed upon by both parties are as follows:

On the afternoon of Sunday March 20, 2022, Plaintiff went into the Dollar General Store located at 4483 N.W. 50th Street, Oklahoma City, OK to purchase dog food and bottled water [Doc. No. 32-2, at 1 & 5] (*see* Material Fact Not in Dispute ("MFNID") 1 from the Motion). The parties agree that Plaintiff testified in her deposition she shopped at the store probably eight (8) times a week [Doc. No. 32, at 3, ¶ 2 (citing [Doc. No. 32-2, at 2-3]); Doc. No. 36, at 6, ¶ 2] (*see* MFNID 2). The parties also agree that Plaintiff testified

2

in her deposition that she "could go through the store blindfolded" [Doc. No. 32, at 3, ¶ 3 (citing [Doc. No. 32-2, at 4]); Doc. No. 36, at 6, ¶ 3].[1]

After making her selections, Plaintiff proceeded to the check-out line for register 2 where Dollar General employee "James" – as recalled by Plaintiff – began checking out her items [Doc. No. 32-2, at 9-11]. (*See* MFNID 4). "James" is actually Justin Fluckiger, the Assistant Store Manager at the time. *Id.* at 30-31. (*See* MFNID 5). In the check-out line behind Plaintiff was Pamela Smith. *Id*. at 4; [Doc. No. 32-7]. (*See* MFNID 7). Pamela Smith was the manager on duty at the Dollar General store until her shift ended at 4:00 p.m. *Id*. Plaintiff took photographs of the bar code for the dog food and then for the bottled water and headed back to the cash register. [Doc. No. 32-2, at 12-13]. Plaintiff also states for "clarity purposes, it is admitted that [she] returned to the aisle to photograph bar codes" [Doc. No. 36, at 7, second ¶ 8] (*see* the duplicate MFNIDs 8).

The parties agree that Plaintiff fell and was injured but Plaintiff disputes that her fall was "alleged," implying it did not happen [Doc. No. 32, at 3, ¶ 9; Doc. No. 36, at 7, ¶ 9] because there is a CCTV video that "indisputably shows [Plaintiff's] fall (albeit partially obstructed)" [Doc. No. 36-5] (*see* MFNID 9).

---

[1] Plaintiff points out that Defendant's counsel asked, and Plaintiff responded to the following compound question:
>Q. Okay. Now, so far as the store layout, I mean you could probably go through that store blindfolded, as many times as you've been in there. I mean, you knew it very well.
>A. Yes sir.
>[Doc. No. 36, at 6, ¶ 3].

3

The parties further agree Plaintiff testified in her deposition that the substance she slipped in was clear [Doc. No. 32, at 3, ¶ 10; Doc. No. 26, at 8]; and the photo Plaintiff took shows green slime on the floor [Doc. No. 36-3]; and in an area within the green slime where Plaintiff's shoe skidded through [Doc. No. 36-6; Doc. No. 32-2, at 26-28], the substance appears clear [Doc. No. 36-3]. Moreover, the parties agree Fluckiger's statement "unambiguously states [Plaintiff's] fall was caused by green slime" [Doc. No. 36-1]; and that the CCTV video [Doc. No. 36-5] "indisputably shows [Plaintiff] fell, her taking the photo of the location of the fall, and Defendant cleaning up the same area with paper towels" [Doc. Nos. 36-5; 36-7; and 36-8] (*see* MFNID 10).[2]

In addition, the parties do not dispute that the location of the fall was on one of the aisles toward the front of the store [Doc. No. 32-2, at 7-8]; specifically, in Exhibit 3 to her deposition, Plaintiff marked the precise location of her fall with a circled red "X." *Id.* at 8; [Doc. No. 32-3]. (*See* MFNID 11).

The parties agree that the store lighting was on at the time of Plaintiff's fall, and the surface of the floor was a light gray [Doc. No. 32, at 4, ¶ 12 (citing [Doc. Nos. 32-4, 32-5 & 32-8]); [Doc. No. 36, at 9 ¶ 12].

The parties additionally agree that Plaintiff, to date, has not identified the source of the clear liquid [Doc. No. 32, at 4, ¶ 13 (citing [Doc. No. 32-2, at 17-18]); Doc. No. 36, at 9, ¶ 13]; does not know what the clear liquid was, how long it had been present, or who put

---

[2] Plaintiff omits a numbered response to Defendant's MFNID10; the Court interprets Plaintiff's Response to MFNID 10 as starting from "It is admitted Ms. Gilbert…" to "after the fall." [Doc. No. 36, at 8-9].

4

it there [Doc. No. 32-2, at 18] (*see* MFNID 14); and does not know whether any Dollar General employee was aware of its presence. *Id.* (Based on MFNID 15).

The parties further agree that Plaintiff took photographs of the location where she allegedly fell (Exs. 4 & 5 mentioned in [Doc. No. 32-2, at 23-28] and shown in [Doc. No. 32-4] and [Doc. 32-5]) (*see* MFNID 16); and proceeded to register 2 where Justin Fluckiger was checking out customers [Doc. No. 32-2, at 13] (*see* MFNID 17). Plaintiff then showed Fluckiger the photographs of the bar codes and told him that she had fallen. *Id.* at 20-21 & 33 (*see* MFNID 18). Afterwards, Plaintiff called the local police who arrived at the store and completed a report [Doc. No. 32-2, at 22], attached as Exhibit 6 in the Motion [Doc. No. 32-6] (*see* MFNID 19). Fluckiger eventually obtained some paper towels and cleaned up the area of green slime [Doc. No. 32-2, at 35 & 39] (*see* MFNID 22). Fluckiger is no longer an employee of Dollar General [Doc. No. 32-2, at 41] (*see* MFNID 26).

The parties finally agree that Plaintiff cannot identify any witnesses to the alleged slip-and-fall and injury [Doc. No. 32, at 5, ¶ 27] (citing [Doc. No. 32-2, at 6 & 19]); [Doc. No. 36, at 11, ¶ 27].

## STANDARD OF DECISION

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In deciding whether summary judgment is proper, courts do not weigh the evidence and determine the truth of the matter asserted, but determine only whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact is one that "might affect the outcome of the suit under the governing law."

*Anderson*, 477 U.S. at 248. A dispute is genuine if the facts and evidence are such that a reasonable juror could return a verdict for either party. *Id.* In evaluating a motion for summary judgment, a district court must consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences from those facts in favor of that party. *See Sylvia v. Wisler*, 875 F.3d 1307, 1328 (10th Cir. 2017).

## DISCUSSION

In Defendant's Motion, three main arguments are raised. First, Defendant argues that the Plaintiff has not established that Dollar General was aware of any defect, hazard, or danger to create actionable negligence [Doc. No. 32, at 7-10]. Second, Defendant asserts that Dollar General owed no duty to warn its invitee, Plaintiff, of an open and obvious condition which she should have discovered in the exercise of ordinary care. *Id.* at 10-12. Third, Defendant contends that Plaintiff failed to act prudently on her own behalf, resulting in the accident alleged. *Id.* at 12-14. The Court addresses each in turn.

**I.      Dollar General's Awareness of Any Defect, Hazard, or Danger**

Defendant cites various Oklahoma Supreme Court cases to assert that a business owner need only warn invitees of dangers that they know about to establish the duty requirement under a negligence theory. [Doc. No. 32, at 7] (citing *Buck v. Del City Apartments, Inc.*, 360, 362 (Okla. 1967) ("The operator of a motel, while sustaining to his guests the relation of an innkeeper, is not an insurer of the safety of such persons upon his premises, but owes to them the duty applicable to a business invitee, i.e., to exercise reasonable care to maintain the premises in a reasonably safe and suitable condition, so that the guests will not in the use of the premises, be exposed to hidden or unreasonable

dangers."); *Dover v. W.H. Braum, Inc.*, 111 P.3d 243, 245 (Okla. 2005) ("the owner of the premises owes the duty to an invitee thereon to exercise ordinary care not to injure him. This includes the duty to warn the invitee of any danger thereon *of which the owner knows, or ought to know, and which is unknown to the invitee*.") (emphasis in original); *Rogers v. Hennessee*, 602 P.2d 1033, 1035 (Okla. 1979) ("An invitor cannot be held responsible unless it be shown that he/she had notice or could be charged with gaining knowledge of the condition in time sufficient to effect its removal or to give warning of its presence")).

Therefore, Defendant argues that Plaintiff has failed to demonstrate the existence of a duty owed her because she has not presented any proof that Dollar General or its employees knew or should have known that either a clear substance or green slime was on the floor [Doc. No. 32, at 8-9]. Thus, Dollar General did not have actual or constructive knowledge of any hazard or danger on the floor. *Id.* at 9.

Defendant then cites the *Rogers* case, where the Plaintiff, a beauty school student, slipped in water next to a hair washing station which caused her to fall. *Rogers*, 602 P.2d at 1034. There was no indication that the hair washing station had been used earlier that day to alert the plaintiff to a potential danger from wet floors. *Id.* Defendant contends that *Rogers* is directly applicable to the facts of this case. [Doc. No. 32, at 9-10] (citing *Rogers*, 602 P.2d at 1035-36 ("The crucial element of proof for us to assess in this case is that which deals with the Owner's want of due care to discover the puddle on the premises in time to prevent the Student's exposure to danger or give warning of its presence. Absent evidence that invitor created the condition or that he/she failed to warn of or remove a peril known to exist, a demurrer must put an end to a slip-and-fall litigation based on negligence….

7

While we know that the puddle had not been there when the Student passed the area earlier in the day, for all that the evidence shows the water may have spilled only moments before the Student stepped into it. In the face of no proof giving, directly or by inference, some indication as to the length of time the peril had been in existence when the Student received her injury or that the Owner failed adequately to inspect the premises for dangers known to arise, there can be no liability here.").

In response, Plaintiff asserts Defendant's argument that "Plaintiff has not presented any proof [Defendant]…knew or should have known" the hazard was present is contradicted by, *inter alia*, Fluckiger's statement that he knew the green slime was present [Doc. No. 36-1], the incident report [Doc. No. 36-2], Plaintiff's photos [Doc. No. 36-3], and the CCTV footage [Doc. Nos. 36-5, 36-7 to 36-9]. Plaintiff also cites Oklahoma Supreme Court cases to argue a storekeeper owes a duty to keep the premises reasonably safe and should warn invitees about dangerous conditions that are known or should reasonably be known. [Doc. No. 19, at 19] (citing *Wood v. Mercedez-Benz of Okla. City*, 336 P.3d 457, 459 (Okla. 2014) ("[A] property owner, as an invitor, owes the highest duty of care to an invitee"); *Williams v. Safeway Stores, Inc.*, 515 P.2d 223, 225 (Okla. 1973) ("[S]torekeeper owes customers the duty to exercise ordinary care to keep…the premises…in a reasonably safe condition, and to warn customers of dangerous conditions upon the premises which are known, or which should reasonably be known to the storekeeper.…Knowledge of the dangerous condition will be imputed to the storekeeper if…it existed for such time it was his duty to know of it.")).

Therefore, Plaintiff argues that there is ample evidence of a hazard (the green slime) on the floor that Defendant knew or should have known about, as shown by Fluckiger's contemporaneous statement declaring that Plaintiff fell as a result of green slime from "one of the $1 balls in the q-line." [Doc. No. 36-1]. Finally, Plaintiff distinguishes the *Rogers* case by stating there, the water "may have spilled only moments before the Student stepped into it" (*Rogers,* 602 P.2d at 1036), whereas here, the CCTV footage and other evidence shows that the hazard was present for at least an hour [Doc. No. 36, at 21-22].

In response, Defendant asserts that the deposition testimony of Dollar General employee Malachi Harding, taken after this Motion was filed, demonstrates that Dollar General was not negligent in policing its store for floor hazards [Doc. No. 43, at 3]. Defendant also asserts that Harding testified to inspecting the aisle where Plaintiff fell and found no floor hazards, and did not see any green slime. *Id.* at 4.

Upon consideration, viewing the evidence in the light most favorable to Plaintiff as the non-moving party, and drawing all reasonable inferences in Plaintiff's favor, the Court finds that Defendant is not entitled to summary judgment on the contention it was unaware of any defect, hazard or danger giving rise to a duty to warn Plaintiff. Genuine issues of material fact exist such that a reasonable jury could find that Dollar General knew or should have known that either a clear substance or green slime was on the floor, creating a dangerous condition for invitees.

**II.      Whether The Floor Hazard was Open and Obvious**

Defendant next argues that Dollar General owed no duty to warn Plaintiff of the floor hazards (clear liquid or green slime) because they were "open and obvious" conditions that Plaintiff should have discovered in the exercise of ordinary care [Doc. No. 32, at 10]. Additional Oklahoma Supreme Court cases are cited by Defendant to contend that a business owner is under no legal duty to protect an invitee against known and obvious dangers, but *is* under a duty to protect invitees against hidden dangers, traps, snares and the like [Doc. No. 32, at 8 & 11] (citing *Harrod v. Baggett*, 418 P.2d 652, 655 (Okla. 1966) ("an invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no legal duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger that was obvious or should have been observed in the exercise of ordinary care"); *Scott v. Archon Grp., L.P.*, 191 P.3d 1207, 1212 (Okla. 2008) ("In other words, a landowner owes to an invitee, as well as to a licensee, a duty to protect him from conditions which are in the nature of hidden dangers, traps, snares and the like. A hidden danger within this rule of liability need not be totally or partially obscured from vision or withdrawn from sight; the phrase is used to describe a condition presenting a deceptively innocent appearance of safety 'which cloaks a reality of danger.'") quoting *Pickens v. Tulsa Metropolitan Ministry*, 951 P.2d 1079, 1997 (Okla. 1997); *Southerland v. Wal-Mart Stores, Inc.*, 848 P.2d 68, 70 (Okla. Civ. App. 1993) ("The open and obvious doctrine relieves the landowner of a duty to the plaintiff, thereby absolving the defendant of primary negligence.") (citing *Sutherland v. St Francis Hospital*, 595 P.2d 780 (Okl.1979)).

Thus, Defendant argues that because Plaintiff testified the substance she slipped on was clear liquid, and her photographs do not show the presence of any clear liquid [Doc Nos. 32-4 & 32-5], her testimony that she slid in the clear liquid "cannot logically support a jury verdict in her favor." [Doc. No. 32, at 11-12]. Moreover, Defendants assert that because green slime was shown in Plaintiff's photographs of a "neon green color that stood out in stark contrast to the light gray tile," and the green slime did not exhibit any sign that it has been slipped in, skidded on, spread or otherwise disturbed, the green slime was hence an open and obvious danger that Plaintiff would have noticed and avoided. *Id*.

Plaintiff responds by asserting that the hazard of the green slime is not open and obvious as a matter of law, and citing an Oklahoma federal case holding that "the characteristic of an item being observable…cannot, by itself, require that item to be declared as a matter of law an open and obvious danger…[and] [a]ll of the circumstances must be examined to determine whether a particular condition is open and obvious to the plaintiff or not." [Doc. No. 36, at 22] (quoting *Choate v. Wal-Mart Stores E., L.P.,* No. 09-CV-492-JHP-TLW, 2010 WL 3122870, at *2 (N.D. Okla. Aug. 6, 2010) (citations omitted)). More pertinent, Plaintiff points out that the Oklahoma Supreme Court has held that "in cases where the condition or defect was visible but, nevertheless, unseen by the plaintiff, *whether the condition was open and obvious is a question for the jury*." [Doc. No. 36, at 23] (quoting *Choate*, 2010 WL 3122870, at *2).

As a result, Plaintiff argues that because the CCTV video shows numerous customers walking near the hazard without seeing it or reporting it, and the assistant manager having to look for several moments before spotting the green slime and cleaning

11

it up, the slime hazard was not open and notorious as a matter of law. Plaintiff also points out that she had been to the store many times without experiencing hazards on the floor, so the dangerous green slime was an unexpected change of condition. [Doc. No. 36, at 24] (citing *Chase v. Parry*, 326 P.2d 809, 811 (Okla. 1985) (holding hazard not open and obvious when patron, who had been to a store many times, encountered a slick floor and was injured as "there had been a change in condition of the floor on the day involved.")).

Based on the summary judgment record before the Court, viewing the evidence in the light most favorable to Plaintiff and drawing all inferences in favor of Plaintiff, Defendant is not entitled to summary judgment on this issue.

### III.   Whether The Plaintiff Acted Prudently and Exercised Ordinary Care

Finally, Defendant argues that Plaintiff failed to act prudently on her own behalf, resulting in the accident [Doc. No. 32, at 12]. Essentially, Defendant argues that Plaintiff should have observed either claimed hazard and avoided them because the store premises were well-lit, and she testified she could have seen the hazard if she looked down [Doc. No. 32-2, at 29] – thus, Plaintiff was not acting as a reasonably prudent person exercising ordinary care for her own safety [Doc. No. 32, at 13].

In response, Plaintiff points out that as she was checking out, there was a problem with pricing of the dog food; thus, she was hurrying to the aisle and back so as not to hold up the busy check out line [Doc. No. 36, at 23]. Consequently, Plaintiff's attention was not directed to the floor but instead to the merchandise price tag she was trying to photograph – Dollar General also uses product placement to keep the eyes of customers on certain products the store wants them to buy. *Id*.

12

Again, the Court finds that drawing all inferences in favor of Plaintiff, Defendant is not entitled to summary judgment on this issue because a reasonable jury could find that, under the circumstances, Plaintiff acted prudently and exercised ordinary care.

Upon consideration of the summary judgment record, viewed in the light most favorable to Plaintiff pursuant to Rule 56, the Court finds that genuine disputes of material facts preclude summary judgment on the issues of (1) Dollar General's lack of awareness of any defect, hazard or danger; (2) the floor hazard being open and notorious; and (3) that Plaintiff did not act prudently and exercise ordinary care. Accordingly, Defendant is not entitled to summary judgment.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Dolgencorp's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED** this 12th day of August, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge