## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NICOLE GILBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-847-D |
| | ) | |
| DOLGENCORP, a foreign limited | ) | |
| liability company, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the Court is Plaintiff's Motion in Limine [Doc. No. 46], to which Defendant responded [Doc. No. 75]. Also before the Court is Defendant's Motion in Limine [Doc. No. 54], replaced by Defendant's Amended Motion in Limine [Doc. No. 63], which is operative, to which Plaintiff responded [Doc. No. 72]. Both matters are fully briefed and at issue.

The Court notes the "shotgun approach" both parties take in their motions in limine, with many contentions simply stating obvious areas that would involve irrelevant evidence, or clearly improper references or arguments. These positions suggest cut-and-paste filings by counsel, often without any indication *in this case* that the contested evidence or references are expected to be used. Such in-limine motions are largely a waste of the Court's time. The parties should instead focus their attention on evidence or arguments which carry the actual possibility of use in the case, and which would be contrary to the Rules of Evidence or otherwise improper.

## BACKGROUND

Plaintiff was involved in a slip-and-fall incident at one of Defendant's Oklahoma City stores on March 20, 2022. Plaintiff alleges she was injured after slipping and falling on a liquid on the floor of the store. Photographic evidence from the parties also shows the presence of green slime on the floor. Plaintiff filed suit against Defendant for negligence.

## LEGAL STANDARD

Although motions in limine are not formally recognized under the Federal Rules, district courts have long recognized the potential utility of pretrial rulings under the courts' inherent powers to manage the course of trial proceedings. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "A motion in limine presents the trial court with the opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Wilkins v. Kmart Corp.*, 487 F.Supp.2d 1216, 1218 (D. Kan. Apr. 10, 2007) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). Although such pretrial rulings can save time and avoid interruptions at trial, "a court is almost always better situated during the actual trial to assess the value and utility of evidence. Consequently, a court should reserve its rulings for those instances when the evidence plainly is 'inadmissible on all potential grounds' … and it should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed[.]" *Id.* (citations omitted); *see also Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. Aug. 25, 1993) ("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that

questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

Some in limine rulings, such as relevance, are preliminary in nature because the required balancing may be reassessed as the evidence is actually presented. Accordingly, "[a] district court 'may change its ruling at any time for whatever reason it deems appropriate.'" *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir. 1996) (quoting *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995)); *see also Luce*, 469 U.S. at 41 ("The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

"A motion in limine should address specific evidence that is irrelevant, inadmissible or prejudicial. Thus, motions in limine that generally lack specificity as to particular evidence are properly denied." *Shotts v. GEICO General Ins. Co.*, CIV-16-1266-SLP, 2018 WL 4832625, at *1 (W.D. Okla. July 12, 2018) (citing *Kinzey v. Diversified Servs., Inc.*, No. 15-1369-JTM, 2017 WL 131614, at *1 (D. Kan. Jan. 13, 2017)). "Without a detailed presentation of the facts which give rise to the issue sought to be addressed by the motion in limine, a motion in limine amounts to little more than a request that the court faithfully apply the rules of evidence." *Hussein v. Duncan Regional Hospital, Inc.*, CIV-07-439-F, 2009 WL 10672480, at *1 (W.D. Okla. Oct. 20, 2009).

## DISCUSSION

### Plaintiffs' Motions in Limine

#### Plaintiff's Motion in Limine 1

Plaintiff asks the Court to exclude expert-witness opinions that have not been disclosed to Plaintiff or are otherwise outside the scope of the expert's written opinion produced during pretrial discovery [Doc. No. 4, at 2, ¶ 1]. Defendant states it has timely disclosed all its expert witnesses in this case as well as required disclosures UNDER FED. R. CIV. P. 26 and agrees to an Order imposing this requirement equally on all parties and witnesses, e.g., designated and allowable experts should be permitted to testify only on records produced timely in discovery and to those opinions identified in response to discovery requests [Doc. No. 75, at 1-2].

Accordingly, Plaintiffs' Motion in Limine 1 is **GRANTED** as to all parties and expert witnesses.

#### Plaintiff's Motion in Limine 2

Plaintiff seeks to exclude references or questioning that suggests or implies that Plaintiff or her expert witnesses, relatives, agents, employees, attorneys, or representatives have been accused of, or have been found guilty of, any crimes or criminal conduct [Doc. No. 46, at 3, ¶ 2]. Defendant agrees to an Order prohibiting references or questioning regarding disclosures made by Plaintiff on pages 164-68 of her deposition and imposing this requirement equally on all parties and witnesses [Doc. No. 75, at 2]. To this extent, Plaintiff's Motion in Limine 2 is **GRANTED**.

However, Defendant objects to limitations on its ability to cross-examine Troymayne Jackson, one of Plaintiff's witnesses [Doc. No. 26, at 1-2, Row 3], on his prior criminal convictions, and points out that FED. R. EVID. 609 allows the use of past criminal convictions to impeach the credibility of a witness, as long as they are less than ten years old – the ten years accruing from the conviction or release from confinement, whichever is later. *Id.* Namely, in case numbers CF-2012-1156 and CF-2009-1734, Mr. Jackson was released in 2016, and in CF-2017-00270, Mr. Jackson accepted a plea deal around 2017.

The Court finds it would be premature to limit evidence related to Mr. Jackson's character at this juncture. *See Wilkins*, 487 F.Supp.2d at 1218. To the extent Defendant has specific objections at trial to the introduction of certain evidence, particular exhibits, or the questioning of any witness regarding the issue, the Court shall hear those contemporaneous objections at the appropriate time. Accordingly, the Court **RESERVES** its ruling on this part of Plaintiff's Motion in Limine 2.

**Plaintiff's Motion in Limine 3**

Plaintiff requests that the Defendant not be allowed to make reference to, mention, elicit, testify or present evidence of any personal habits, character traits, and any crimes, arrests, convictions, wrongs or acts of Plaintiff, any witness called by Plaintiff, or Plaintiff's family members or partner, including, but not limited to, smoking, fighting, drinking alcoholic beverages, womanizing, prior marriages, abortions, illegitimate children, children from multiple relationships, the living situation among Plaintiff and her partner, reference to Plaintiff's receipt of social security, reference to Plaintiff's income from child support, reference to how costly raising children is, reference to Plaintiff's admission to a mental

hospital as an underaged minor, reference to an altercation resulting in Plaintiff having a broken nose, traffic violations, illegal drug use, drug and/or alcohol rehabilitation programs, criminal acts, criminal charges, criminal convictions, and swearing [Doc. No. 46, at 3, ¶ 3].

Defendant agrees to an Order affecting all parties equally prohibiting mention of the Plaintiff having sustained a broken nose in an altercation with another driver, traffic violations, illegal drug use, associated rehabilitation programs, and criminal charges [Doc. No. 75, at 3]. However, Defendant objects to limitations on questioning the Plaintiff and/or Mr. Jackson as to their marital status and cohabitation. *Id.* Defendant argues that, without mention of those factors, it will be impossible for Plaintiff or Mr. Jackson to establish a foundation for any observation by Mr. Jackson as to the Plaintiff's physical condition and/or contrast of the same before and after the accident alleged in this case. *Id.* For example, Mr. Jackson testified on page 30 of his deposition that he lives in a home different than the residence of the Plaintiff – which Defendant argues goes directly to the foundation of Mr. Jackson's testimony regarding his observations of Plaintiff's physical condition and how it affected her on a day-to-day basis. *Id.* at 3-4. Defendant also argues that they should be able to question Mr. Jackson about how he is married to a woman other than Plaintiff and owes child support for the children from that marriage, giving him a financial incentive to help Plaintiff recover damages. *Id.* at 4. Defendant asserts that Mr. Jackson also takes jobs paid "under the table" where no child support is deducted, demonstrating his willingness to "skirt federal and state tax reporting and child support obligations…and not allowing a jury to know this would deny [Defendant's ability] to question the character of Mr. Jackson and his propensity to evade legal requirements." *Id.*

Moreover, Defendant suggests that more damaging to Mr. Jackson's credibility is his testimony on page 50 of his deposition in which he claims that although he knows Plaintiff well, he does not know whether she has filed for child support against him for the child the two have in common – hence, Defendant contends a jury could conclude that Mr. Jackson is not as well acquainted with Plaintiff as he claims he is, a possibility also supported by his testimony on pages 59-61 of his deposition that he wasn't aware of how many days Plaintiff had missed from work after the accident. Finally, Defendant objects to any limitation on reference to, or mention of, Plaintiff swearing after the accident because they assert that Plaintiff's swearing is part of the *res gestae* of the acts in this case, and Plaintiff cites no rational reason to exclude such evidence.

Again, the Court finds it would be premature to limit evidence related to Mr. Jackson at this juncture. *See Wilkins*, 487 F.Supp.2d at 1218. However, the purported scope of Defendant's potential questioning of Mr. Jackson appears to involve collateral matter of little or no relevance, and possibly runs afoul of the methods of addressing the character of witnesses set forth in FED. R. EVID. 608. To the extent the parties have specific objections at trial to the introduction of certain evidence, particular exhibits, or to the questioning of any witness regarding these issues, the Court will hear those contemporaneous objections at the appropriate time. Accordingly, the Court **RESERVES** its ruling on this part of Plaintiff's Motion in Limine 3.

### Plaintiff's Motion in Limine 4

Plaintiff asks the Court to exclude references to or questioning about what effect the verdict or judgment in this lawsuit will or could have on insurance rates, premiums or charges

[Doc. No. 46, at 4, ¶ 4]. Defendant agrees to an Order imposing this requirement equally on all parties and witnesses [Doc. No. 75, at 4].

Plaintiff's Motion in Limine 4 is **GRANTED** as to all parties and witnesses.

**Plaintiff's Motion in Limine 5**

Plaintiff requests exclusion of references or arguments implying or suggesting to the jury that Defendant's conduct must be the sole proximate cause of Plaintiff's damages or injuries in order for Defendant to be liable or for Plaintiff to recover damages [Doc. No. 46, at 4, ¶ 5]. Defendant objects to the extent Motion in Limine 5 would limit or prohibit Defendant from presenting its defenses such as contributory negligence, the open and obvious nature of the alleged hazard, lack of notice of the alleged presence of the hazard to Defendant and its employees, and failure of the Plaintiff to show that any action or inaction by the Defendant was a proximate or direct cause of the accident, and injuries alleged by the Plaintiff [Doc. No. 75, at 5]. Defendant also asserts that Oklahoma Uniform Jury Instruction ("OUJI") 9.1 clearly defines the elements Plaintiff must prove to recover on a theory of negligence and includes an element that the Plaintiff must prove negligence was a direct cause of Plaintiff's alleged injuries, and OUJI 9.18 addresses whether the Plaintiff's own negligence was a direct cause of her accident and injuries.

Plaintiff's Motion in Limine 5 is **DENIED**.

**Plaintiff's Motion in Limine 6**

Plaintiff seeks to prohibit Defendant from claiming or stating that the nation's court systems are overloaded due to cases like this or similar cases or references or statements like

"there are too many lawsuits" or "too much litigation." [Doc. No. 46, at 5, ¶ 6]. Defendant agrees to an Order imposing this this requirement equally on all parties and witnesses.

Plaintiff's Motion in Limine 5 is **GRANTED** as to all parties and witnesses.

**Plaintiff's Motion in Limine 7**

Plaintiff asks the Court to prohibit Defendant from making any reference to the jury that anyone can "pay some money and make up a lawsuit against another without any legal basis," or implying that this lawsuit is "frivolous" or "without merit." [Doc. No. 46, at 5, ¶ 7]. Defendant agrees to an Order imposing this requirement equally on all parties and witnesses.

Plaintiff's Motion in Limine 7 is **GRANTED** as to all parties and witnesses.

**Plaintiff's Motion in Limine 8**

Plaintiff seeks to exclude any suggestion that she could have participated in additional medical care or physical therapy by getting her lawyers or a third party to pay for it [Doc. No. 46, at 6, ¶ 8]. Defendant agrees to an Order imposing this requirement equally on all parties and witnesses [Doc. No. 75, at 5].

Plaintiff's Motion in Limine 8 is **GRANTED** as to all parties and witnesses.

**Plaintiff's Motion in Limine 9**

Plaintiff requests exclusion of any evidence, reference to, or insinuation that Plaintiff has retained a jury consultant or that a jury consultant is present [Doc. No. 46, at 6, ¶ 9]. Defendant agrees to an Order imposing this requirement equally on all parties and witnesses and similarly limiting any such mention by Plaintiff, Plaintiff's counsel and Plaintiff's witnesses regarding Defendant [Doc. No. 75, at 6].

Plaintiff's Motion in Limine 9 is **GRANTED** as to all parties and witnesses.

**Plaintiff's Motion in Limine 10**

Plaintiff asks the Court to prohibit Defendant from offering any testimony, evidence, or making reference to any financial assistance and/or loans Plaintiff has received and/or allegedly received from third parties [Doc. No. 46, at 6, ¶ 10]. Defendant agrees to an Order imposing this requirement equally on all parties and witnesses [Doc. No. 75, at 6].

Plaintiff's Motion in Limine 10 is **GRANTED** as to all parties and witnesses.

**Plaintiff's Motion in Limine 11**

Plaintiff seeks to prohibit Defendant from offering any testimony, evidence, or reference that Plaintiff's counsel advertises, the amount of advertisement, or addressing the statements made in the advertisements [Doc. No. 46, at 6-7, ¶ 11]. Defendant agrees to an Order imposing this requirement equally on all parties and witnesses [Doc. No. 75, at 6].

Plaintiff's Motion in Limine 11 is **GRANTED** as to all parties and witnesses.

**Plaintiff's Motion in Limine 12**

Plaintiff requests that Defendant be prohibited from offering any testimony, evidence, or reference to the number of attorneys who have entered appearances on behalf of Plaintiff [Doc. No. 46, at 7, ¶ 12]. Defendant agrees to an Order imposing this requirement equally on all parties and witnesses [Doc. No. 75, at 6].

Plaintiff's Motion in Limine 12 is **GRANTED** as to all parties and witnesses.

**Plaintiff's Motion in Limine 13**

Plaintiff asks the Court to prohibit Defendant from offering any testimony, evidence, or reference that Plaintiff's legal counsel, including but not limited to any member or

employee of Parrish Devaughn LLC, have coordinated Plaintiff's medical treatment. Plaintiff asserts the attorney-client privilege, and argues such testimony, evidence, or references are irrelevant and unfairly prejudicial [Doc. No. 46, at 7, ¶ 13]. Defendant objects to any redactions from the Plaintiff's medical records or being unable to cross-examine the Plaintiff or any witnesses as to the contents of the records [Doc. No. 75, at 6]. Defendant argues that there is no demonstrated likelihood or even a possibility that the jury would be more confused by unredacted medical records and related questions versus redactions which would likely lead a jury to speculate about what was in the records but redacted [Doc. No. 75, at 6].

The Court finds it would be premature to limit evidence related to Plaintiff's medical treatment and records at this juncture. *See Wilkins*, 487 F.Supp.2d at 1218. To the extent Plaintiff or Defendant have specific objections at trial to the introduction of certain evidence, particular exhibits, or the questioning of any witness regarding the issue (including redaction), the Court will address contemporaneous objections at the appropriate time. Accordingly, the Court **RESERVES** its ruling on this issue.

### Plaintiff's Motion in Limine 14

Plaintiff requests that Defendant, and its witnesses, be prohibited from referring to or offering any opinions or evidence not timely disclosed to Plaintiff within the discovery period in this matter [Doc. No. 46, at 8, ¶ 14]. Defendant states that it has presented all its witnesses for deposition to the extent requested by Plaintiff's counsel and subject to the limitations set by the Court [Doc. No. 75, at 6]. Defendant also asserts that it has complied

with all written discovery propounded by Plaintiff's counsel and otherwise cooperated in discovery [Doc. No. 75, at 6-7].

Plaintiff's Motion in Limine 14 is **RESERVED** until the appropriate time during trial upon contemporaneous objections.

**Plaintiff's Motion in Limine 15**

Plaintiff seeks to prohibit Defendant from offering any testimony, evidence, or making reference to the unreasonableness of the cost(s) of Plaintiff's medical treatment incurred to date [Doc. No. 46, at 8, ¶ 15]. Defendant objects to Motion in Limine 15 to the extent that it is not consistent with 12 OKLA. STAT. § 3009.1 [Doc. No. 75, at 5].

The Court notes that 12 OKLA. STAT. § 3009.1(A) provides that "[u]pon the trial of any civil action arising from personal injury, *the actual amounts* paid for any services in the treatment of the injured party, including doctor bills, hospital bills, ambulance service bills, drug and other prescription bills, and similar bills *shall be the amounts admissible at trial*, not the amounts billed for such expenses incurred in the treatment of the party." 12 OKLA. STAT. § 3009.1. Moreover, in a federal diversity case, state law concerning the admissibility of evidence will be considered if the issue involves a "substantive" state law rule of evidence. *Rimes v. MVT Servs., LLC*, No. 19-CV-00282-JFH-JFJ, 2020 WL 9073607, at *1, n.3 (N.D. Okla. July 24, 2020) (citing *Blanke v. Alexander*, 152 F.3d 1224, 1231 (10th Cir. 1998) as applied to 12 OKLA. STAT. § 3009.1 for a motion in limine). Thus, the actual amounts paid are admissible. Further, the Court will address other admissibility concerns with respect to medical treatment and records as they arise at trial. Accordingly, Plaintiff's Motion in Limine 15 is **DENIED**.

**Plaintiff's Motion in Limine 16**

Plaintiff asks the Court to prohibit Defendant and its witnesses from offering any testimony, evidence, or reference to the state of the national economy, transportation industry and/or COVID-19's effect on the economy [Doc. No. 46, at 8, ¶ 16]. Defendant agrees to an Order imposing this requirement equally on all parties and witnesses [Doc. No. 75, at 7].

Plaintiff's Motion in Limine 16 is **GRANTED** as to all parties and witnesses.

**Plaintiff's Motion in Limine 17**

Plaintiff requests that Defendant and its witnesses be prohibited from offering any testimony, evidence, or reference to whether Plaintiff was using food stamps to make purchases from Dollar General on the day of the incident [Doc. No. 46, at 9, ¶ 17]. Defendant agrees to an Order imposing this requirement equally on all parties and witnesses [Doc. No. 75, at 7].

Plaintiff's Motion in Limine 17 is **GRANTED** as to all parties and witnesses.

**Plaintiff's Motion in Limine 18**

Plaintiff seeks to prohibit Defendant and its witnesses from offering any testimony, evidence, or reference to Justin Fluckiger having a "learning disability" because it would be an attempt to illicit sympathy and is irrelevant [Doc. No. 46, at 9, ¶ 18]. Defendant objects to Motion in Limine 18 on the grounds that Fluckiger's learning disability renders him more prone to becoming flustered than a person without such a disability and argues that Plaintiff has not shown how disclosure of that to a jury would elicit sympathy or sway the jurors in any way [Doc. No. 75, at 5]. Moreover, Defendant asserts that disclosing the learning disability would explain to the jury any hesitation Fluckiger exhibits in answering questions

or disruption(s) in his thought process while testifying. *Id.* Defendant also argues that introduction of the learning disability is not unduly prejudicial to Plaintiff but would be unfairly prejudicial to Defendant if the jury were denied this information when considering the weight and credibility of Fluckiger's testimony. *Id.*

The Court finds it would be premature to limit evidence related to Fluckiger's "learning disability" at this juncture. *See Wilkins*, 487 F.Supp.2d at 1218. To the extent Plaintiff has specific objections at trial to the introduction of certain evidence, particular exhibits, or the questioning of any witness regarding the issue, the Court will hear those contemporaneous objections at the appropriate time. Accordingly, the Court **RESERVES** its ruling on this issue.

<u>**Defendant's Motions in Limine**</u>

**Defendant's Motion in Limine 1**

Defendant requests that the attorney(s) for Plaintiff, each of their witnesses, and their representatives ("Plaintiff Parties") refrain from calling any expert at trial other than the experts expressly and timely identified in response to Defendant's discovery requests, in Plaintiff's Final Witness List [Doc. No. 26], and in accord with 12 OKLA. STAT. § 3226 [Doc. No. 63, at 2]. Defendant also asks that those designated and allowable experts should be permitted to testify only to records produced by Plaintiff in discovery and to those opinions identified in response to Defendant's discovery requests. *Id.* Plaintiff agrees to an Order holding all parties to the same standard [Doc. No. 72, at 4].

Defendant's Motion in Limine 1 is **GRANTED** as to all parties and witnesses, except that 12 OKLA. STAT. § 3226 has no application to this case.

14

**Defendant's Motion in Limine 2**

Defendant requests that the Plaintiff Parties refrain from mentioning or divulging, directly or indirectly, or testifying concerning the fact that the primary practice of Defendant's attorneys is the business of insurance defense [Doc. No. 63, at 2]. Plaintiff agrees to an Order holding all parties to the same standard [Doc. No. 72, at 4].

Defendant's Motion in Limine 2 is **GRANTED** as to all parties and witnesses.

**Defendant's Motion in Limine 3**

Defendant requests that the Plaintiff Parties refrain from mentioning, directly or indirectly, the fact that Defendant is, or may be, covered by some form of liability insurance with respect to the incident involved in this case [Doc. No. 63, at 3]. Plaintiff agrees to an Order holding all parties to the same standard [Doc. No. 72, at 4].

Defendant's Motion in Limine 3 is **GRANTED** as to all parties and witnesses.

**Defendant's Motion in Limine 4**

Defendant requests the Plaintiff Parties refrain from testifying about or expressing the following: any opinion about the medical causation of any of the damages or injuries of the Plaintiff attributable to the alleged negligence of Defendant, including origin, etiology, or medical reasons for changes in the Plaintiff's medical condition or status [Doc. No. 63, at 3].

Plaintiff states that pursuant to FED. R. EVID. 702 she is permitted some latitude in testifying about her injuries because she, more than any other witness in this case, has firsthand information about her injuries, her perception would be helpful to understanding the facts at issue, and testimony concerning her injuries does not require technical or specialized knowledge [Doc. No. 72, at 5]. Plaintiff further argues that Defendant's Motion

in Limine 4 is overly broad and would bar Plaintiff from testifying about her injuries. *Id.* Plaintiff also asserts that Defendant's concerns can appropriately be addressed on cross examination. *Id.*

The Court finds it would be premature to limit evidence related to Plaintiff's injuries as sought in the Motion at this juncture. *See Wilkins*, 487 F.Supp.2d at 1218. To the extent Defendant has specific objections at trial to the introduction of certain evidence, particular exhibits, or the questioning of any witness regarding the issue, the Court will hear those contemporaneous objections at the appropriate time. Accordingly, the Court **RESERVES** its ruling on this issue.

### Defendant's Motion in Limine 5

Defendant requests that the Plaintiff Parties refrain from testifying about or making any prayer for punitive damages against Defendant [Doc. No. 63, at 4]. Plaintiff asserts she has made a claim for punitive damages already, and Defendant did not file any dispositive motions regarding Plaintiff's claim for punitive damages [Doc. No. 72, at 5].

The Court generally notes that the issue of punitive damages will be addressed, if appropriate, under the framework established by 23 OKLA. STAT. § 9.1, and would proceed, if at all, in two phases. The two-stage trial procedure for punitive damages provided by § 9.1 may be used in federal trials at the discretion of the presiding judge. *See Shugart v. Cent. Rural Elec. Co-op*, 110 F.3d 1501, 1504 (10th Cir. 1997); *see also Bannister v. State Farm Mut. Auto Ins. Co.*, 692 F.3d 1117, 1124-25 n.9 (10th Cir. 2012) (recognizing the use of Oklahoma's two-step procedure under § 9.1). The Court has found previously that the two-stage procedure "provides a fair solution to the evidentiary problem" where "evidence that

may be relevant to an award of punitive damages is inadmissible for other purposes." *Shadid v. Aspen Specialty Ins. Co.*, Case No. CIV-15-595-D, 2018 WL 3420816, at *3 (W.D. Okla. July 13, 2018). Accordingly, the Court **RESERVES** its ruling on this issue.

### Defendant's Motion in Limine 6

Defendant requests that the Plaintiff Parties refrain from suggesting that persons who are not called as witnesses would have testified in any particular way or have particular knowledge [Doc. No. 63, at 5]. Defendant further requests that all counsel and witnesses should be precluded from offering any comment, question, testimony, or other evidence or communication which would constitute hearsay or opinions expressed without medical foundation. *Id.* Plaintiff agrees to an Order holding all parties to the same standard [Doc. No. 72, at 6].

Defendant's Motion in Limine 6 is **GRANTED** as to all parties and witnesses.

### Defendant's Motion in Limine 7

Defendant requests that the Plaintiff Parties refrain from referring to any fact or purported fact document or other information which was not disclosed as required by Plaintiff in response to its Interrogatories and/or Requests for Production or otherwise in Discovery [Doc. No. 63, at 6]. Plaintiff agrees to an Order holding all parties to the same standard [Doc. No. 72, at 6].

Defendant's Motion in Limine 7 is **GRANTED** as to all parties and witnesses.

### Defendant's Motion in Limine 8

Defendant requests that the Plaintiff Parties refrain from testifying to or introducing evidence of the economic position of the Plaintiff or Defendant [Doc. No. 63, at 6]. Plaintiff

asserts that the Court should defer the motion to trial because this case involves a claim for punitive damages, where the wealth of Defendant is highly relevant [Doc. No. 72, at 6].

The Court agrees, and for the same reasons provided above in the ruling on Motion in Limine 5, the Court **RESERVES** its ruling on this issue.

### Defendant's Motion in Limine 9

Defendant requests that the Plaintiff Parties refrain from withholding or attempting to withhold evidence which should be presented in Plaintiff's case-in-chief so as to present it during rebuttal when it might have an oversized impact on the jury [Doc. No. 63, at 7]. Plaintiff agrees to an Order holding all parties to the same standard [Doc. No. 72, at 7].

Defendant's Motion in Limine 9 is **GRANTED** as to all parties and witnesses.

### Defendant's Motion in Limine 10

Defendant requests that the Plaintiff Parties refrain from attempting to introduce evidence of complaints and symptoms allegedly related to the incident described in the Plaintiff's Petition and/or Amended Petition under FED. R. EVID. 702, and also requests the Court exclude any testimony regarding Plaintiff's "injuries" unsupported by competent medical evidence [Doc. No. 63, at 8]. Plaintiff argues that Defendant's Motion in Limine 10 is overbroad [Doc. No. 72, at 8].

The Court finds it would be premature to limit evidence related to Plaintiffs' injuries as sought in the Motion at this juncture. *See Wilkins*, 487 F.Supp.2d at 1218. To the extent Defendant has specific objections at trial to the introduction of certain evidence, particular exhibits, or the questioning of any witness regarding the issue, the Court will hear those

contemporaneous objections at the appropriate time. Accordingly, the Court **RESERVES** its ruling on this issue.

### Defendant's Motion in Limine 11

Defendant requests that the Plaintiff Parties refrain from questioning, presenting or calling any witnesses to testify as to the effect a verdict in favor of Defendant might have on Plaintiff [Doc. No. 63, at 8]. Plaintiff counters by stating that Motion in Limine 11 does not specify the evidence to be precluded, and raises relevancy and prejudice objections, which are "almost always" deferred to trial [Doc. No. 72, at 8].

The Court agrees, and **RESERVES** its ruling on this issue.

### Defendant's Motion in Limine 12

Defendant requests that the Plaintiff Parties refrain from referring to or making reference to any "golden rule" damages argument or any other argument which attempts to ask the jurors to place themselves in the position of Plaintiff [Doc. No. 63, at 8]. Plaintiff agrees to an Order holding all parties to the same standard [Doc. No. 72, at 8].

Although the Tenth Circuit has recognized the "golden rule" argument may not be proper in certain instances, *see Blevins v. Cessna Aircraft Co.*, 728 F.2d 1576, 1580-81 (10th Cir. 1984), the Circuit has likewise carved out a *narrow* exception in cases where the reasonableness of the conduct, in light of the information known at the time, is at issue. *See, e.g., Shultz v. Rice*, 809 F.2d 643, 652 (10th Cir. 1986) (quoting *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983)). Use of the so-called "golden rule" argument, when its aim is to elicit an emotional response by jurors, is improper. The Court **RESERVES** ruling on

this issue in advance of trial, opting instead to consider it in context if the issue is raised during trial.

**Defendant's Motion in Limine 13**

Defendant requests that the Plaintiff Parties refrain from testifying or mentioning any reference to OSHA, alleged OSHA violations (except for slip/trip/and/or/fall hazards), or allegations that Defendant has been added to the OSHA Severe Violator Enforcement Program [Doc. No. 63, at 9]. The Court also previously limited inquiry of Dollar General's corporate representative to only those OSHA violations related to slip, trip, and/or fall hazards within Dollar General stores [Doc. No. 18]. Plaintiff responds that it has pled a punitive damages claim [Doc. No. 72, at 9].

Because Motion in Limine 13 involves a requested punitive damages remedy, for the same reasons provided above in the ruling on Motion in Limine 5, the Court **RESERVES** its ruling on this issue.

**Defendant's Motion in Limine 14**

Defendant requests that the Plaintiff Parties refrain from testifying to or introducing evidence of medical expenses in excess of those allowed under 12 OKLA. STAT. § 3009.1 [Doc. No. 63, at 9]. Plaintiff agrees that evidence of medical bills at trial will be limited to the amounts either paid or incurred in the treatment of Plaintiff [Doc. No. 72, at 10].

For the reasons set forth regarding Plaintiff's Motion in Limine 15, the Court **RESERVES** this issue for ruling at the appropriate time during trial.

**Defendant's Motion in Limine 15**

Defendant requests that the Plaintiff Parties refrain from testifying about any statement or propounding any question related to comments or statements made by the Plaintiff to any healthcare provider because such statements would be hearsay and not qualify under any hearsay exception [Doc. No. 63, at 10]. Plaintiff says she will follow the hearsay rule, but argues that application of the hearsay rule now is a fact-intensive one that should wait until trial [Doc. No. 72, at 10-11]. The Court agrees, and thus **RESERVES** its ruling on this issue.

**Defendant's Motion in Limine 16**

Defendant requests that the Plaintiff Parties refrain from testifying inconsistently with Plaintiff's deposition testimony regarding what caused her to allegedly slip and fall [Doc. No. 63, at 11]. Plaintiff states that Defendant's characterization of Plaintiff's statements as inconsistent is improper, and states that any allegation that Plaintiff's statements have been "inconsistent" can appropriately be addressed on cross examination [Doc. No. 72, at 11-12].

The Court agrees; these issues are premature and would be more properly addressed during trial. Thus, the Court **RESERVES** its ruling until the appropriate time during trial.

**Defendant's Motion in Limine 17**

Defendant requests that the Plaintiff Parties refrain from testifying about any statement or propounding any question related to the training or lack of training of employees of Dolgencorp, LLC regarding inspection of the premises or investigation of slip-and-fall accidents [Doc. No. 63, at 11]. Plaintiff asserts that Dollar General has an internal policy for post incident investigation but it was not followed [Doc. No. 72, at 6].

The Court believes this issue is premature and would be more properly addressed during trial. Thus, the Court **RESERVES** its ruling on this issue.

## CONCLUSION

For the reasons outlined above, Plaintiffs' Motion in Limine [Doc. No. 46] is **GRANTED in part** and **DENIED in part**, and Defendant's Amended Motion in Limine [Doc. No. 63] is **GRANTED in part** and **DENIED in part**. Defendant's Motion in Limine [Doc. No. 54] is **DISMISSED AS MOOT** because Defendant's Amended Motion in Limine [Doc. No. 63] replaces it and is operative. In summary, the Court **ORDERS**:

### Plaintiff's Motions in Limine

1. Plaintiffs' Motion in Limine No. 1 [Doc. No. 46] is **GRANTED**.

2. Plaintiffs' Motion in Limine No. 2 [Doc. No. 46] is **GRANTED in part and RESERVED in part**.

3. Plaintiffs' Motion in Limine No. 3 [Doc. No. 46] is **RESERVED**.

4. Plaintiffs' Motion in Limine No. 4 [Doc. No. 46] is **GRANTED**.

5. Plaintiffs' Motion in Limine No. 5 [Doc. No. 46] is **DENIED**.

6. Plaintiffs' Motion in Limine No. 6 [Doc. No. 46] is **GRANTED**.

7. Plaintiffs' Motion in Limine No. 7 [Doc. No. 46] is **DENIED**.

8. Plaintiffs' Motion in Limine No. 8 [Doc. No. 46] is **GRANTED**.

9. Plaintiffs' Motion in Limine No. 9 [Doc. No. 46] is **GRANTED**.

10. Plaintiffs' Motion in Limine No. 10 [Doc. No. 46] is **GRANTED**.

11. Plaintiffs' Motion in Limine No. 11 [Doc. No. 46] is **GRANTED**.

12. Plaintiffs' Motion in Limine No. 12 [Doc. No. 46] is **GRANTED**.

13. Plaintiffs' Motion in Limine No. 13 [Doc. No. 46] is **RESERVED**.

14. Plaintiffs' Motion in Limine No. 14 [Doc. No. 46] is **RESERVED**.

15. Plaintiffs' Motion in Limine No. 15 [Doc. No. 46] is **DENIED**.

16. Plaintiffs' Motion in Limine No. 16 [Doc. No. 46] is **GRANTED**.

17. Plaintiffs' Motion in Limine No. 17 [Doc. No. 46] is **GRANTED**.

18. Plaintiffs' Motion in Limine No. 18 [Doc. No. 46] is **RESERVED**.

## **Defendant's Motions in Limine**

1.  Defendant's Motion in Limine No. 1 [Doc. No. 63] is **GRANTED**.

2.  Defendant's Motion in Limine No. 2 [Doc. No. 63] is **GRANTED**.

3.  Defendant's Motion in Limine No. 3 [Doc. No. 63] is **GRANTED**.

4.  Defendant's Motion in Limine No. 4 [Doc. No. 63] is **RESERVED**.

5.  Defendant's Motion in Limine No. 5 [Doc. No. 63] is **RESERVED**.

6.  Defendant's Motion in Limine No. 6 [Doc. No. 63] is **GRANTED**.

7.  Defendant's Motion in Limine No. 7 [Doc. No. 63] is **GRANTED**.

8.  Defendant's Motion in Limine No. 8 [Doc. No. 63] is **RESERVED**.

9.  Defendant's Motion in Limine No. 9 [Doc. No. 63] is **GRANTED**.

10. Defendant's Motion in Limine No. 10 [Doc. No. 63] is **RESERVED**.

11. Defendant's Motion in Limine No. 11 [Doc. No. 63] is **RESERVED**.

12. Defendant's Motion in Limine No. 12 [Doc. No. 63] is **RESERVED**.

13. Defendant's Motion in Limine No. 13 [Doc. No. 63] is **RESERVED**.

14. Defendant's Motion in Limine No. 14 [Doc. No. 63] is **RESERVED**.

15. Defendant's Motion in Limine No. 15 [Doc. No. 63] is **RESERVED**.

16. Defendant's Motion in Limine No. 16 [Doc. No. 63] is **RESERVED**.

17. Defendant's Motion in Limine No. 17 [Doc. No. 63] is **RESERVED**.

**IT IS SO ORDERED** this 14th day of August, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge