IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NICOLE GILBERT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-22-847-D ) |
| DOLGENCORP, a foreign limited liability company, | ) ) ) ) |
| Defendant. | ) ) |

**ORDER**

Before the Court is Plaintiff's Motion to Strike Defendant's Witnesses Designated to Testify Regarding Plaintiff's Past Medical Expenses and to Exclude Any Evidence Regarding Plaintiff's Past Medical Expenses and Lost Income [Doc. No. 86]. Defendant filed a response [Doc. No. 88], to which Plaintiff replied [Doc. No. 89]. The matter is fully briefed and at issue.

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (internal quotations omitted). "A motion in limine presents the trial court with the opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. Apr. 10, 2007) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). For motions in limine, "[a] district court 'may change its ruling at any time for whatever reason it deems appropriate.'" *United*

*States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir. 1996) (quoting *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995)).

Plaintiff was involved in a slip-and-fall incident at one of Defendant's Oklahoma City stores on March 20, 2022. Plaintiff alleges she was injured after slipping and falling in a liquid on the floor of the store. Plaintiff filed suit against Defendant for negligence, seeking as items of damages past and future medical expenses and past and future lost income, in part.

Plaintiff's counsel represents that, in the context of preparing the joint final pretrial report and in an effort to streamline the trial, Plaintiff offered to either stipulate to the amount of Plaintiff's admissible past medical expenses; or drop Plaintiff's claim for past medical expenses entirely, so long as Defendant agreed not to introduce evidence of Plaintiff's past medical expenses. Defendant purportedly rejected both proposals. Although it is not completely clear from the parties' briefing, defense counsel apparently contacted at least one of Plaintiff's medical providers and obtained a "settlement agreement" with the provider for a lesser amount than what was billed to Plaintiff by the provider [Doc. No. 86-2, at 2; Doc. No. 89-1]. At trial, Defendant intends to call one or more of Plaintiff's medical providers "in connection with the reduction of medical charges" and admit into evidence Plaintiff's reduced medical bills [Doc. No. 88, at 3-4].[1]

---

[1] Although the propriety of defense counsel's purported negotiations with one of Plaintiff's medical providers may be questionable, the Court presently addresses only Plaintiff's motion to strike witnesses and exclude evidence related to Plaintiff's past medical bills and lost income. [Doc. No. 88, at 2-3; Doc. No. 86-2].

In the present motion, Plaintiff moves to strike Defendant's witnesses related to Plaintiff's past medical expenses and to exclude any evidence regarding Plaintiff's past medical expenses and lost income [Doc. No. 86]. As noted in her motion, Plaintiff waives her claims for past and future medical expenses and for past and future lost income and/or earnings. *Id.* at 13. Thus, Plaintiff contends that witnesses and evidence related to past medical bills and lost income should be excluded as irrelevant. *See Bridges v. Wal-Mart Stores East, LP*, No. CIV-19-213-G, 2021 WL 1579920, at *1-2 (W.D. Okla. Apr. 21, 2021) (excluding evidence regarding medical expenses as irrelevant to the plaintiff's claim of pain and suffering); *see also Campbell v. Garcia*, No. 3:13-cv-0627, 2016 WL 4769728, at *7 (D. Nev. Sept. 13, 2016) ("Because he is not seeking special damages for past medical expenses, there is no relevance between these costs and [the plaintiff's] purported pain and suffering.").

In response, Defendant asserts, without support, that medical expenses are relevant whether requested as an item of recovery or not. Defendant further contends that a jury would be confused in deciding damages without the discounted medical charges, and that excluding medical charges would lead the jury to speculate as to the amounts and "at least subconsciously includ[e] a speculative amount in damages to reflect that." [Doc. No. 88, at 4]. The Court is not persuaded by either of Defendant's arguments.

Upon consideration, the Court agrees with Plaintiff that evidence of Plaintiff's past medical bills and past lost income is irrelevant because 1) Plaintiff is no longer seeking those items of damages; and 2) such evidence is irrelevant to Plaintiff's alleged pain and suffering. *See Payne v. Wyeth Pharms., Inc.*, No. 2:08cv119, 2008 WL 4890760 (E.D. Va.

3

Nov. 12, 2008) ("[T]here is no logical or experiential correlation between the monetary value of medical services required to treat a given injury and the quantum of pain and suffering endured as a result of that injury."). Accordingly, Plaintiff's requests to exclude evidence related to her past medical expenses and lost income – and to strike witnesses designated to testify regarding those items – will be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Defendant's Witnesses Designated to Testify Regarding Plaintiff's Past Medical Expenses and to Exclude Any Evidence Regarding Plaintiff's Past Medical Expenses and Lost Income [Doc. No. 86] is **GRANTED**.[2]

**IT IS FURTHER ORDERED** that the parties shall submit a second amended final pretrial report that conforms to the rulings made herein. The report shall be submitted on or before Thursday, May 1, 2025. Finally, should any of the parties' proposed jury instructions need to be amended in light of this Order, the parties may submit amended proposed jury instructions on or before Thursday, May 1, 2025.

**IT IS SO ORDERED** this 29th day of April, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] To be clear, this Order affects only those witnesses designated to testify as to Plaintiff's medical bills, medical liens subject to Okla. Stat. tit. 12, § 3009.1, and any reductions of Plaintiff's medical bills. To the extent any such witness has been designated to testify beyond the scope of Plaintiff's medical bills, liens, or reductions, the witness may remain on the party's final witness list, subject to revising the proposed scope of testimony.