IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NICOLE GILBERT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOLGENCORP, LLC, a foreign limited )<br>liability company, )<br>)<br>Defendant. ) | Case No. CIV-22-847-D |

## ORDER

Before the Court is Plaintiff's List of Demonstrative Exhibits, which includes an explanation of how such exhibits are intended to be used at trial.[1] Pursuant to FED. R. EVID. 107, the "court may allow a party to present an illustrative aid to help the trier of fact understand the evidence or argument if the aid's utility in assisting comprehension is not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time." Defendant has objected [Doc. No. 112] to all of Plaintiff's proposed demonstrative exhibits.

Upon review of Plaintiff's proposed demonstrative exhibits, the Court finds that the following exhibits will not be permitted for use at trial:

1. Image showing Dollar General sign, shopping cart, map sign, and dollar signs
2. Image showing pond with ducks and city in the background
3. Image showing pond with one duck
4. Operation board game
5. Image of Operation board game

---

[1] The Court previously ordered the parties to submit the proposed exhibits and explanations for *in camera* review. [Doc. Nos. 113, 117].

1

    10.    Nestable Pan Balance Scales
    11.    Image of the scales of justice
    12.    Image of the United States Constitution
    13.    Image of a male wearing dress shirt and pants with his head in the sand
    21.    Image of Brittney Spears
    22.    Image of the Truman Show
    23.    Image of Mulan
    24.    Image of the Titanic
    25.    Image of Saving Private Ryan
    26.    Image of Armageddon
    27.    Image of There's Something About Mary
    28.    Image of Blackberry Cell Phone
    29.    Image of Bill Clinton and Monica Lewinsky
    30.    Image of the Mona Lisa

Plaintiff has not sufficiently shown how the foregoing exhibits would "help the trier of fact understand the evidence or argument" at trial. *See* FED. R. EVID. 107. Upon consideration of Plaintiff's intended use of these exhibits, the Court is thoroughly convinced that these exhibits have no utility whatsoever in assisting comprehension of the jury.[2] Given that Plaintiff has failed to show the utility of the foregoing props, stock images, and pop culture references, the Court further finds that any utility would be substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury,

---

[2] As the Court allowed the parties to submit their intended use of demonstrative exhibits for *in camera* review, the Court will not describe in detail the Plaintiff's proposed intended use of the disallowed demonstratives. However, the Court notes that Plaintiff's proposed uses of the disallowed exhibits failed to connect the exhibits to any evidence or argument that the jury may need help understanding. For one specific example, Plaintiff intended to use various pop culture references of events occurring many years ago to "help put into perspective what the future means when the jury is deciding future pain and suffering." Notable events occurring many years ago is not a concept that a jury in federal court needs help to understand via illustrative aids. Finally, the Court notes that Plaintiff did not explain how she intends to use the clip art images of the scales of justice and the United States Constitution, but the Court can ascertain from the remaining entries that Plaintiff's intended use would run afoul of FED. R. EVID. 107.

2

and wasting time. For these reasons, Plaintiff's proposed demonstrative exhibit nos. 1-5, 10-13, and 21-30, will not be permitted.

As to Plaintiff's proposed demonstrative exhibit nos. 6-9 and 14-20, which relate to the anatomy of a foot, the Flexband medical implant device, and surgeries using the Flexband, the Court will address these demonstratives with the benefit of the context at trial. Preliminarily, the Court questions whether Flexband's promotional materials would assist the jury in understanding Dr. Ringus' testimony, or whether such materials would be misleading, cumulative, or a waste of time. *See* FED. R. EVID. 611(a)(2) ("The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to … avoid wasting time."). Prior to using these demonstratives, Plaintiff's counsel should approach the bench, at which time defense counsel may make contemporaneous objections. Further, the Court directs Plaintiff to produce to Defendant the full videos of demonstrative exhibit nos. 19 and 20, by 5:00 p.m. on May 9, 2025.

**IT IS SO ORDERED** this 9th day of May, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge